IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRAAHEIM REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-966-SLR ) |
| WARDEN PHIL MORGAN and COUNSELOR PAMELA MINOR, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 13th day of April, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Braaheim Reed ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

"[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff alleges that Reverend Kadke indicated that he would submit the necessary paperwork and call defendant Pam Minor ("Minor") to inform her of the funeral arrangements for plaintiff's mother. Plaintiff alleges that his family members called Minor and left messages. Apparently, plaintiff did not attend the funeral. He alleges that defendant warden Phil Morgan ("Morgan") failed to "adhere" to paperwork submitted to him from his staff regarding the funeral and that Morgan and Minor failed to perform the duties of their jobs. Plaintiff asks that Morgan and Minor be reprimanded and that he be awarded $2.5 million for pain and suffering for missing his mother's funeral.

6. A prisoner does not retain a liberty interest in attending a family member's funeral, and denial of such an opportunity does not impose an atypical or significant

3

hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1985). Further, this court has held that prisoners do not retain a constitutional right to attend a family member's funeral. *Fisher v. McBride*, Civ. No. 04-289-JJF, 2007 WL 120079 (D. Del. Jan. 12, 2007); *see also Dumas v. Pennsylvania Dep't of Corr.*, Civ. No. 07-142, 2007 WL 1276908 (W.D. Pa. Apr. 27, 2007); *Mills v. Walker*, 2005 WL 2807171 (D.N.J. Oct. 25, 2005) (no constitutionally protected liberty interest in the attendance of a funeral for either a pretrial detainee or convicted prisoner). Finally, plaintiff seeks damages for his pain and suffering in missing his mother's funeral. Section 1997e(e) of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), prohibits compensatory damages for mental or emotional injury absent allegations of physical injury. *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). For the above reasons, the court concludes that plaintiff's allegations do not rise to the level of a constitutional violation and, therefore, his complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE